J-A29030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EDITH HANNIGAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PERRY SEMELSBERGER | : | |
| | : | |
| Appellant | : | No. 489 WDA 2021 |

Appeal from the Judgment of Sentence Entered January 8, 2021
In the Court of Common Pleas of Cambria County Civil Division at No(s):
3033-2020

BEFORE:   BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED:  January 20, 2022**

Perry Semelsberger ("Semelsberger") appeals the judgment of sentence of six months of incarceration imposed after the trial court found him guilty of indirect criminal contempt of an existing protection from abuse ("PFA") order. We affirm.

In 2020, Edith Hannigan ("Hannigan"), who previously lived with Semelsberger, filed a petition pursuant to the PFA Act against Semelsberger. Following a hearing, the trial court entered a final protection order.  The order listed Semelsberger's adult daughter, Melissa Nave ("Nave"), as a protected party.  Pursuant to the order, Semelsberger was not permitted to have any contact or communication, directly or indirectly, with Nave.  Final PFA Order, 9/9/20.  On January 4, 2021, the police filed a criminal complaint charging

_____

[*] Retired Senior Judge assigned to the Superior Court.

Semelsberger with indirect criminal contempt for violating the PFA order. The Commonwealth alleged that in December 2020, Semelsberger filed false complaints with Nave's employer, called her cell phone, and, after Nave did not answer, called her daughter and left four voicemails. Following a hearing, the trial court found Semelsberger guilty of indirect criminal contempt for calling Nave and sentenced him to six months of incarceration. Semelsberger filed a post-sentence motion, which the trial court denied.

This timely filed appeal followed. Both Semelsberger and the trial court have complied with the mandates of Pa.R.A.P. 1925. Semelsberger presents the following issues for our review:

> A. The trial court erred/abused its discretion by entering a guilty verdict as there was insufficient evidence to support the finding.
>
> B. The trial court erred/abused its discretion in sentencing the Defendant without considering his rehabilitative needs as set forth in 42 Pa.C.S.A. 9721(b), resulting in an excessive sentence.

Semelsberger's brief at 5.

In analyzing a sufficiency challenge, we must determine "whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable a fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Gonzalez*, 109 A.3d 711, 716 (Pa.Super. 2015) (citations omitted). "In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. *Id*. In addition, the evidence "need not

preclude every possibility of innocence." *Id*. The Commonwealth may meet its burden by wholly circumstantial evidence and "any doubt regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id*. Moreover, "in applying the above test, the entire record must be evaluated and all evidence actually received must be considered." *Id*. Finally, "the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Id*.

The PFA Act permits a court to punish and hold in indirect criminal contempt a defendant who violates a PFA order. 23 Pa.C.S. § 6114(a). To establish indirect criminal contempt, the Commonwealth must prove: (1) the order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; (2) the contemnor had notice of the order; (3) the act constituting the violation must have been volitional; and (4) the contemnor must have acted with wrongful intent. *Commonwealth v. Walsh*, 36 A.3d 613, 618 (Pa.Super. 2012) (citation omitted).

Semelsberger challenges the third and fourth elements. He argues that "[a] screenshot of a single missed telephone call from [his] number is insufficient to show evidence of a volitional act and wrongful intent" where no voice message was introduced and "there was no verbal communication between the two." Semelsberger's brief at 11-12. He denies calling Nave,

though he acknowledges calling her daughter, who was not a protected party. As such, he contends that if he did call Nave, it was accidental. *Id*. at 13.

In finding Semelsberger guilty of indirect criminal contempt, the trial court found the Commonwealth clearly proved the call from "Semelsberger's cell phone to Ms. Nave's cell phone, [which was] clearly prohibited under the [PFA o]rder[.]" N.T., 1/8/21, at 23. The trial court found Semelsberger's testimony that he did not call Nave unbelievable. The evidence presented at trial indicated that Nave received a phone call from Semelsberger's personal cell phone number shortly after his release from incarceration and a few days before he called and left voicemail messages for Nave's daughter. Prior to the entry of the final PFA order, Semelsberger had called Nave from the same cell phone number. Accordingly, Nave had blocked the cell phone number, and the court noted that it is possible that Semelsberger was therefore unable to leave a voicemail message. Based upon this evidence, the trial court inferred that Semelsberger was in possession and control of his cell phone at the time it was used to call Nave and that the phone call was intentional. *See* Trial Court Opinion, 6/14/21, at 4-5.

As to the fourth element, the trial court "imputed wrongful intent from the volitional act." *Id*. at 5. The court observed that "there is not a *de minimis* infraction defense to a violation of a 'no contact' provision in a protective order because contact with the victim is the harm the law seeks to avoid" and that "a single unaccepted phone call is sufficient to violate a no contact provision in a protective order." *Id*. at 5-6. In support, the trial court relied on

*Commonwealth v. Cooper*, 217 A.3d 401 (Pa.Super. 2019) (non-precedential decision) for its persuasive value.[1]   **See** Trial Court Opinion, 6/14/21, at 6 ("[T]o accept a *de minimis* infraction defense would eviscerate the purpose of the protective order.").

Here, the terms of the PFA order clearly delineated the conduct prohibited and Semelsberger does not contest his knowledge of this order.  As to the third and fourth elements, the Commonwealth presented sufficient evidence to prove that Semelsberger intentionally called Nave to be in contact with her notwithstanding the PFA order.  "[W]rongful intent can be imputed by virtue of the substantial certainty that by [engaging in the conduct], he would be in contact with her in violation of the PFA [o]rder." **Commonwealth v. Brumbaugh**, 932 A2d 108, 111 (Pa.Super. 2007).  Accordingly, when viewed in the light most favorable to the Commonwealth, the evidence adduced at trial established beyond a reasonable doubt that Semelsberger intentionally engaged in conduct that violated the terms of the PFA order.

Semelsberger's second issue on appeal implicates the discretionary aspects of sentencing.  Such a challenge does not entitle an appellant to

---

[1] Pursuant to Pa.R.A.P. 126(b), citations to a non-precedential memorandum of this Court filed after May 1, 2019, are permissible for its persuasive value. **Id**.  Such a holding, however, does not constitute binding precedent. Semelsberger's argument that the trial court erred in analogizing the facts of **Commonwealth v. Cooper**, 217 A.3d 401 (Pa.Super. 2019) (non-precedential decision), to the instant case fails.  **See** Semelsberger's brief at 13-14.  Although the trial court detailed the facts of **Cooper** in its opinion, it did so only for context, and as discussed *supra*, instead cited **Cooper** in support of its conclusion that Semelsberger is not entitled to a *de minimis* infraction defense.  Trial Court Opinion, 6/14/21, at 6.

review as of right. Rather, an appellant challenging the discretionary aspects of his sentence must first invoke this Court's jurisdiction via a four-part test, which we have detailed as follows:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Taylor*, 137 A.3d 611, 618 (Pa.Super. 2016) (*en banc*) (cleaned up). If an appellant invokes our jurisdiction, we then review the merits of the claim and "may reverse only if the sentencing court abused its discretion or committed an error of law." *Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa.Super. 2007) (cleaned up).

Semelsberger filed a timely notice of appeal and post-sentence motion, included a Rule 2119(f) statement in his brief, and raised a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 769-70 (Pa.Super. 2015) (*en banc*) (finding substantial question where appellant raised excessive sentencing claim with an assertion that the sentencing court failed to consider mitigating factors). Although Semelsberger seemingly complied with this four-part test, in order to satisfy the second requirement, the "challenges to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal." *Commonwealth v. Rush*, 959 A.2d 945, 949

(Pa.Super. 2008). Indeed, "[a]bsent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). "[F]or any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court." ***Rush***, ***supra*** at 949; ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Therefore, even if an appellant sought to attack the discretionary aspects of his sentence in the trial court, he cannot support a discretionary sentencing claim on appeal "by advancing legal arguments different than the ones that were made when the claims were preserved." ***Id***.

On appeal, Semelsberger agues that the trial court ignored rehabilitative factors in sentencing him, which resulted in a manifestly excessive sentence. Semelsberger's brief at 14. However, he did not raise those legal arguments at sentencing or in his post-sentence motion. Following the imposition of sentence, Appellant exclaimed that he wanted to appeal. N.T., 1/8/21, at 26. He did not, however, raise any specific reason. Moreover, while Semelsberger filed a post-sentence motion, he merely sought a lesser sentence based on the contact being non-violent and his need to provide care for his parents. ***See*** Post-Sentence Motion, 1/15/21. Since he did not raise his appellate legal arguments before the trial court, he has failed to preserve his discretionary aspects of sentencing claim. Accordingly, he is not entitled to relief.

Even if we concluded that Semelsberger preserved his arguments, he would not be entitled to relief. It is evident that the trial court considered all relevant factors and did not impose an excessive sentence. In sentencing Semelsberger, the trial court noted that it was "concerned about the fact that [Semelsberger] has a history, albeit not in this case, [of] thwarting" PFA orders. N.T., 1/8/21, at 26. As the court recalled, Semelsberger had previously received an aggregate sentence of four months of incarceration for three separate contempt actions, and "[o]bviously, he didn't appreciate the lesson in that sentence and so [the instant] sentence has to be more severe[.]" *Id*. The court considered counsel's trial argument that the violation was minimal in light of Nave not answering the phone, but concluded that a sentence of six months of incarceration was necessary as "it's clear that he is not appreciating that no contact means no contact, regardless what that contact is." *Id*. at 26-27. The record reveals that the trial court properly and adequately considered the factors included in 42 Pa.C.S. § 9721(b). Accordingly, even if Semelsberger had preserved his discretionary aspects of sentencing claim, we would conclude that the trial court did not abuse its discretion.[2]

Judgment of sentence affirmed.

_____

[2] We also observe that a flat sentence of incarceration is permissible for indirect criminal contempt sanctions under the PFA, and therefore Semelsberger's sentence is legal. *See Commonwealth v. Marks*, ___ A.3d ___, 2021 Pa.Super. 237 (filed December 7, 2021).

Judge Pellegrini joins this Memorandum.

P.J.E. Bender files a Dissenting Memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/20/2022